COLLINSVILLE COMMUNITY UNIT SCHOOL DISTRICT No. 10, Plaintiff-Counterdefendant-Appellant, *v.* BENJAMIN WITTE *et al.*, Defendants-Counterplaintiffs-Appellees.

(No. 71-28;

Fifth District—May 4, 1972.

Bernard & Davidson, of Granite City, (Burton C. Bernard, of counsel,) for appellant.

Walker & Williams, of Belleville, (Edward G. Maag, of counsel,) for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

This case concerns the validity of the action taken by a school board to purchase certain land from the defendants and counterplaintiffs. We are called upon to determine whether the action of the school board in entering into a contract to purchase real estate was sufficient to comply with the requirements of the statute in relation to Meetings of Public Agencies. (Ill. Rev. Stat., ch. 102, sec. 41, *et seq.*) The school board appeals a judgment rendered by the trial court denying its complaint for a judgment declaring the contract void and granting specific performance in favor of the defendants-appellees upon their counterclaim.

On December 1, 1966, the school board, with a quorum present, met in a closed session which the minutes of the meeting described as an "executive session." The closed session followed the public portion of the meeting which was a special meeting of the board. The minutes reflect that the following action was taken:

"A motion was made by Richter, seconded by Bitzer, to purchase approximately 24 acres of Witte property on Route 157 at a cost of $5,000 per acre. Motion carried on roll call vote as follows: Richter, yes; Blumberg, yes; Bitzer, yes; Turner, yes; Grimm, yes; and Wall, yes."

These minutes were a public record and were presumably available for public inspection.

A contract for sale was prepared by the board's attorney which provided for a $25,000 down payment and the balance under terms set out therein. The contract, together with the warrant of the district for $25,000, was delivered to the defendants who evidently signed the same on December 29, 1966. The contract was signed by the president and secretary on behalf of the school district.

At the January 16th meeting which followed the board approved the $25,000 payment to the Wittes as one of a large number of bills which were presented for approval. This action was taken in public meeting and became a part of the minutes available to the public.

On March 13th the Wittes and the district, by its president and secretary, signed an amendment to the articles of agreement permitting the board to make test borings. At a special meeting of the board that evening the following item appears in the minutes:

"A motion was made by Doherty, seconded by Turner, to hold up further action by the board on the Witte property pending further legal advice. Motion carried on roll call vote as follows: Richter, yes;

Bitzer, yes; Blumberg, yes; Turner, yes; Doherty, yes; Grimm, yes; and Wall, yes * * * ."

In April, 1967, four new members were elected to the board of education of the school district and thereafter the board as then constituted declined to honor the contract with the Wittes and commenced this action for a declaratory judgment that would find the contract invalid. The Wittes counterclaimed for specific performance. The trial court denied summary judgment to the school district and entered judgment for specific performance in favor of the defendants in accordance with the terms of the contract.

The appellant school district strenuously contends that taking of action to purchase real estate at an executive session rather than a public meeting renders the contract unenforceable since such contracts can only be approved in a public meeting. They also contend that the contract was not binding because its execution by the president and secretary of the board was not authorized by the board.

■■ In substance, the plaintiff's argument is based upon the terms of the Act in relation to Meetings of Public Agencies as it was in effect on the date of the occurrences in question. Section 2 of that Act (Ill. Rev. Stat. 1965, ch. 102, sec. 42) provides in part as follows:

"All official meetings at which any legal action is taken by the governing bodies of * * * school districts * * * shall be public meetings, except * * * meetings where the acquisition or sale of property is being considered, provided that no other portion of such meetings shall be closed to the public * * * "

Section 1 of the Act, Ill. Rev. Stat. 1965, ch. 102, sec. 41 provides:

"It is the public policy of this State that the public commissions, committees, boards and councils and the other public agencies in this State exist to aid in the conduct of the people's business. It is the intent of this Act that their actions be taken openly and that their official deliberations be conducted openly."

Plaintiff contends that the meaning of the statute is that the board could "consider" the acquisition of property in executive session but that the formal action must be taken at a public meeting.

■■ We do not so interpret the statute. We consider that the provisions of the Act in relation to Meetings of Public Agencies then in effect provided that closed sessions, where the acquisition or sale of property is being considered, are official meetings; and that legal action concerning the acquisition or sale of real estate may be taken by the governing board of the school district in such closed session. To hold otherwise would be to ascribe no meaning to the language "* * * at

which any legal action is taken by the governing bodies." This phrase specifically authorizes that legal action. It is clear, therefore, that the legislative intent did not limit the acquisition session to conversation only, but permitted legal action. Such construction is compatible with the rule that all parts, provisions or sections of a statute must be read, considered or construed together so as to give effect, if possible, to all such parts. *Sternberg Dredging Co. v. Sternberg's Estate*, 10 Ill.2d 328, 140 N.E.2d 125; *Doubler v. Doubler*, 412 Ill. 597, 107 N.E.2d 789.

It is apparent that the legislature considered that the action of a school board at the moment of its consideration need not become general knowledge and in this manner handicap those persons who are acting on behalf of the board to bring about the purchase of lands. To hold otherwise would either greatly handicap the ability of school boards to deal for real estate or would drive the boards to informal get-togethers instead of regular meetings. Public knowledge of board intentions and actions resulting from compulsory public deliberative sessions when considering the purchase of real estate would destroy any advantage to be gained from negotiation and work a severe detriment upon the board and the public they represent.

■■ Aside from the question of the interpretation of the statute, another factor is present in the case which compels that we affirm. The board of education by its action in the public meeting in January, when it approved the expenditure and issuance of the warrant, ratified its earlier action. Ratification is a doctrine which applies to public bodies, including municipal corporations, going back to *Maher v. The City of Chicago*, 38 Ill. 266, *City of Shawneetown v. Baker*, 85 Ill. 563, and including *National Bank of Decatur v. Board of Education*, 205 Ill. App. 57. Viewed from the standpoint of the doctrine of ratification, it appears that the payment of $25,000 to the Wittes by warrant, which was approved by the school board in public meeting, could not be justified on any basis other than the existence of a contract for purchase of land from them. The significance of this act legally is that it may be, as it was considered by the trial court, an act of ratification. The plaintiff contends, however, that because the original act of the board was taken in private rather than public session it was not legally effective and that later public action could not validate a legal invalidity. This contention is not supported in the law and involves a logical *cul-de-sac.* If in fact the original act had been fully and legally effective then there would be no necessity for a ratification.

It is significant that it is the board of education which is seeking to impugn its own acts and to require the repayment of a substantial sum

of money which, through official acts of the board, had been paid to the Wittes. We also note that the board has never contended that the Wittes were guilty of any wrong doing.

No complaint is made by appellant with respect to the action of the trial court in granting specific performance, other than those relating to the legality of the contract itself.

Under the view which we take here then, the action of the trial court must be affirmed.

Judgment affirmed.

EBERSPACHER, P. J., and CREBS, J., concur.