WILLIAM L. SEIM, Plaintiff-Appellant, *v.* BOARD OF EDUCATION OF COMMUNITY UNIT DISTRICT No. 87, McLEAN COUNTY, Defendant-Appellee.

ERNEST E. EVELAND, Plaintiff-Appellant, *v.* BOARD OF EDUCATION OF COMMUNITY DISTRICT No. 87, McLEAN COUNTY, Defendant-Appellee.

(Nos. 12353-4 cons.;

Fourth District—July 31, 1974.

*Rehearing denied August 27, 1974.*

CRAVEN, J., dissenting.

Drach, Terrell and Deffenbaugh, P.C., of Springfield, for appellants.

Jay G. Swardenski and Roy G. Davis, of Davis, Morgan & Witherell, of Peoria, for appellee.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

These cases were consolidated, the issues and facts being virtually identical and the trial court filing an identical opinion in each cause. This is an appeal from the orders dismissing with prejudice plaintiffs' respective petitions for writs of mandamus and complaints for declaratory judgment and injunctive relief pursuant to defendant's motions to dismiss.

The powers of school boards are enumerated in sections 10—22.1 to 10—23.9 of the School Code. Section 10—22.31 authorizes school boards to enter into joint agreements with other school boards to provide special educational facilities and to employ a director and other professional workers as defined in section 14—1.10 and to establish facilities as described in section 14—1.08 for types of children described in sections 14—1.02 to 14—1.07. Section 10—22.31 further gives the school boards the authority "[t]o designate an administrative district to act as fiscal and legal agent for the districts that are parties to such a joint agreement." Ill. Rev. Stat. 1971, ch. 122, par. 10—22.31.

Section 14—1.10 of the School Code defines the term "professional worker," and that term is defined to include school social workers. Section 14—9.01 of the School Code pertains to the qualifications of teachers, other professional personnel, and necessary workers. It provides that a person employed *to teach* a program under the Special Education Article must hold a teacher's certificate as provided by law. It goes on

to state that all other *professional personnel* employed in any class, service, or program authorized by the Special Education Article shall hold such certificates and have such special training as the Superintendent of Public Instruction requires. Thirdly, the section authorizes a school board to employ any workers necessary to assist teachers in the special educational facilities providing they have such training as the Superintendent of Public Instruction requires. The second paragraph of the section then states that the employment of any *teacher* in any special education program provided for in article 14 shall be subject to the provisions of sections 24—11 to 24—16, and that any teacher employed in a special education program in which two or more districts participate shall enter upon contractual continued service in each of the participating districts subject to the provisions of sections 24—11 to 24—16. Ill. Rev. Stat. 1971, ch. 122, pars. 14—1.10, 14—9.01.

Pursuant to the statutory authority in section 10—22.31, 29 school districts, located in McLean, Logan, and DeWitt counties, set up a special education organization known as the Tri-County Special Education Association for handicapped children residing in the 29 districts as required by article 14 of the School Code. The defendant, District No. 87 of McLean County, was one of those 29 member districts and during the 1970-71 and 1971-72 school years served as the administrative district. The joint agreement creating the Association provided for an executive committee consisting of 14 members chosen from the 29 school districts to develop all of the policies and procedures for the Association. One member district was to be designated on a year-by-year basis by the executive committee as the administrative district to serve as "the parent district for purposes of positive legal entity required to execute the program." Although the executive committee was to develop all of the policies and procedures for the Tri-County Special Education Association, "Final approval shall be made by the Board of Education of the Administrative District." The agreement also provided that "The Administrative District shall perform all legal and financial functions as directed by the Executive Committee", and "The Administrative District shall, upon the recommendation of the Executive Committee, employ the director and other staff members as directed." On March 10, 1971, contracts were entered into by the plaintiffs and "District No. 87 acting as the Administrative District for the Tri-County Special Education Association for the position of social worker in the Tri-County District Schools * * *" for the 1971-72 school year. The contract stated that the employment, if accepted, would be subject to the rule of the executive committee of the Tri-County Association and the administrative

district and was signed by the director of the Association and secretary of the board of education of the administrative district.

Plaintiffs' contracts were to expire on June 23, 1972, and the last day of school in District No. 87 was June 9, 1972. On April 6, 1972, a special meeting of the executive committee of the Tri-County Association was held for the purpose of considering which Association employees should be rehired, and it was decided not to rehire the plaintiffs. On April 7, 1972, the president of the defendant school board sent the following notice of their termination to plaintiffs by registered mail:

> "This is to advise you that the Bloomington Board of Education, School District No. 87, McLean County, as the administrative district of the Tri-County Special Education Association, is dismissing you from employment at the end of your present contract June 23, 1972. The specific reason for this action is your failure to follow direction of superintendents in your assigned area.
>
> If you would like a hearing before the Tri-County Board at which you can respond to this reason, * * *."

It was not until April 12, 1972, that the school board of District No. 87 met and formally approved the termination of plaintiffs' employment.

In October, 1972, the plaintiffs filed petitions for writs of mandamus and complaints for declaratory judgment and injunctive relief, alleging that the plaintiffs were employed as full-time certified persons by the defendant school district for the school years 1970-71 and 1971-72, and were entitled to contractual continued service in that at no time prior to 60 days before June 9, 1972, which was the last day of school in District No. 87, did the defendant school board take formal action to dismiss them as certified employees. The plaintiffs sought to invoke the benefits of section 24—11 of the School Code providing for tenure and for the defendant to be directed to assign them positions in the defendant school district. Plaintiffs do not deny receiving registered notice at a point more than 60 days prior to June 9, 1972, but contend that the notice they received on or about April 7, 1972, did not satisfy the 60-day requirement of the statutory tenure provision because defendant school board did not formally meet and approve the termination until 5 days later.

The defendant did not file an answer to plaintiffs' complaints, but on November 27, 1972, filed motions to dismiss and several sworn affidavits in support thereof, pursuant to section 48 of the Illinois Civil Practice Act. The motions to dismiss alleged that the plaintiffs were employed by the Tri-County Association rather than the defendant school district; that plaintiffs were social workers rather than teachers and therefore could

not acquire tenure; that plaintiffs had failed to join indispensable parties to the action by failing to name the other 28 school districts which were members of the Tri-County Association, because if plaintiffs had acquired tenure with the defendant district according to section 24—11 of the School Code, they would also acquire tenure in every district in the Association; and that plaintiffs were estopped from complaining of any details of their termination because they had failed to avail themselves of an offered administrative hearing regarding their terminations. Defendant's affidavits described the formation of the Tri-County Association by 29 named school districts, its purpose, and its mode of operation. The affidavits state that the Association employs a full-time staff, including social workers whose work is directed by the director of the Association and the superintendents of the member school districts in which the particular employee works. The operation of the Association is directed by the executive committee which decides whether to employ or terminate employees. It was stated that during the school year 1971-72 one plaintiff worked in nine named school districts while the other worked in six named school districts, none of which were the defendant District No. 87 of McLean County.

On June 7, 1973, the court granted defendant's motion to dismiss along with an opinion explaining the dismissal. The trial court's dismissal was apparently primarily based upon its finding that the notice sent by registered mail on April 7, more than 60 days before the end of the school year, was sufficient in that the plaintiffs were employed as "social worker[s]" in the "Tri-County District Schools" with such contract being entered into between the plaintiffs and the defendant acting as administrative district for the Tri-County Association. The trial court referred to the provisions of the Association agreement, concluding that social workers and other special education employees were employed by the Tri-County Association and that only the executive committee of the Association had the authority to hire or terminate such employees, with the defendant as administrative district having no discretion in the matter so that the notice given after the decision by the executive committee of the Association was valid. In addition, the trial court found that all of the participating districts of the Association were necessary parties to the plaintiffs' action because under section 24—11 of the School Code, if the plaintiffs were entitled to tenure, it would be not only in the defendant District No. 87, but in every school district of the Association. The trial court did not decide whether the plaintiffs' failure to avail themselves of an administrative hearing constituted any waiver. As to whether or not the plaintiffs were persons entitled to tenure, the trial court noted that plaintiffs were hired as social workers rather than

teachers, but that their complaint alleged they were employed as "certified persons" and that they "taught" and that as part of the relief sought to be assigned to "teaching duties." The trial court did not decide the issue, stating that other than the description of the plaintiffs as "social workers" in the contracts, the pleadings contained no basis to permit the court to determine that they would not be able to prove the status claimed.

The School Code provides that any teacher who has been employed in a district as a full-time teacher for a probationary period of two consecutive school terms shall enter upon contractual continued service (tenure) unless given written notice of dismissal by the "employing board" by registered mail at least 60 days before the end of such term. (Ill. Rev. Stat. 1971, ch. 122, par. 24—11.) The plaintiffs' contracts state that they were hired by the defendant acting as administrative district for the Tri-County Association for the position of social worker in the Tri-County District Schools. Therefore, the defendant was a party to the contract by merely taking its turn as administrative district at that time even though the plaintiffs did not work in the defendant district but in other districts belonging to the Association. The executive committee of the Association voted to terminate plaintiffs' employment April 6, 1972, and the president of District No. 87 sent notice by registered mail to plaintiffs on April 7, 1972, both events being more than 60 days prior to the end of the school year. Plaintiffs do not deny receiving actual notice, nor do they attack the cause for their dismissal, but rather maintain that because the defendant school board did not approve the dismissal until April 12, the notice was invalid, relying on *Bessler v. Board of Education*, 11 Ill.App.3d 210, 296 N.E.2d 89. In *Bessler*, the school teacher was notified more than 60 days before the end of the school term by the personnel director of the defendant school district that she would not be reemployed to teach the following year, but the school board did not meet until 2 weeks later, which was less than 60 days required by the tenure statute. The appellate court held in favor of the teacher on the grounds that a school board may not delegate its authority to hire and fire teachers, so the timely notification by the personnel director was of no effect, and held that the doctrine of ratification would be inapplicable because the statutory duty was imposed on the board to perform within the specified time and its action took place less than 60 days before the end of the school term. This case is distinguishable from *Bessler* in that there an agent (personnel director) acted without authority before the principal (school district) had made a determination. In the instant case, the defendant school District No. 87 was an agent of the Tri-County Association. The principal (Tri-County Associa-

tion) had decided to dismiss the plaintiffs and notice of such was given 60 days prior to the end of the school term, but before the agent (the administrative school district) had performed its administrative act.

■■■ The mode of dismissing or removing teachers from their positions is a matter expressly regulated by statute which must be substantially followed if a dismissal is to be valid and effective. (*Donahoo v. Board of Education*, 413 Ill. 422, 109 N.E.2d 787.) In the case of teachers who have not acquired tenure by teaching for two consecutive school terms, notice of dismissal stating the specific reason therefor, given by registered mail at least 60 days before the end of the probationary period, is all that is required. The required "specific reason" mandates notice which clearly informs the teacher of the alleged deficiencies which the school board has determined warrant dismissal, and the notice enables the teacher to refute the charge. (Ill. Rev. Stat. 1971, ch. 122, par. 24—11.) The case law makes it clear that the notice requirements in tenure provisions of the School Code are absolute and strict—but this refers to the contents and the formal giving or sending of notice. In this case, it is not the elements of the notice which are under attack, nor the fact of actual notice or its timeliness, but rather it is the technical validity of the notice being given before the administrative school board had approved the firing of plaintiffs.

Looking at the overall concept of tenure from the perspective of both the employer and the employee, it appears the purpose is to provide a 2-year probationary period for the employee to prove himself and for the employer to evaluate the employee's performance before being committed to the relationship of contractual continued service. In this case, the plaintiffs were initially evaluated, selected, and hired by Tri-County Association; plaintiffs worked in several school districts within the Association, but neither worked in the defendant district—defendant merely happened to be taking its turn as the administrative district at this point in time; Tri-County Association, who hired plaintiffs, utilized their services, and evaluated their performance, made the decision within the prescribed time not to renew plaintiffs' contracts. Plaintiffs were given actual notice more than 60 days before the end of the school term in the required manner with the required information. The only defect was that the administrative school board did not pass on the matter until several days later. Plaintiffs suffered no prejudice whatsoever in that the administrative school board had no discretion to exercise in the matter. There was nothing misleading and no possibility that the administrative district would decide not to terminate, since the plaintiffs did not even work in that school district so their performance there could not be evaluated. The notification letter sent to plaintiffs

said that their employment was being terminated by defendant as administrative district for the Association and specifically stated that if plaintiffs wanted to respond they could have a hearing before the "Tri-County Board", rather than District No. 87 board.

■■ Although plaintiffs' complaints alleged that they were employed as full-time certified persons by the defendant and sought to be reemployed and assigned positions by the defendant school board, the employment contract indicates that plaintiffs were hired for the Association by the defendant as administrative district to work as social workers in the Tri-County Association. Furthermore, the Association Agreement discloses no discretion to be exercised by the administrative district on such matters, but rather specifically provides that the administrative district, upon the recommendation of the executive committee of the Association, shall employ persons as directed, and speaks of the administrative district being the parent district for purposes of executing the Association's programs and decisions. The Association which hired plaintiffs, utilized their services, and evaluated their work, had made the decision not to rehire them, and notice of such decision was given and received as required by statute.

The trial court also founded the dismissal of the complaints, on the grounds that merely naming the administrative District No. 87 defendant was not sufficient because the School Code provides that if the plaintiffs acquired tenure, they would acquire tenure in each and all of the 29 districts associated with the Association. Since we have determined that the notice was valid, this issue need not be considered.

We note that by reason of the posture of this case in the trial court and in this court, we decide only the narrow question of the timeliness of the notice. We express no opinion as to the necessity of notice since the question of the application of the tenure provisions of the School Code to professional workers hired pursuant to the provisions of article 14 of the School Code (Ill. Rev. Stat. 1971, ch. 122, pars. 14—1.01 to 14—14.01) is not before us.

Affirmed.

CLARK, J., concurs.

Mr. JUSTICE CRAVEN dissenting:

The specific statutory scheme applicable to this proceeding required that District #87—the administrative district—give notice to the plaintiffs. This was not done. A result contrary to that reached by the majority may be said to be "undesirable" but that seems wholly irrelevant. District #87 was not a mere agent in this proceeding but was the

employer by statute. Under the *Bessler* case, cited in the majority opinion and unsuccessfully distinguished in the principal opinion, the notice here given was untimely. I would reverse the judgment of the trial court.