THE PEOPLE *ex rel.* GAIL HEAD, Petitioner-Appellant, *v.* THE BOARD OF EDUCATION OF THORNTON FRACTIONAL TOWNSHIP SOUTH HIGH SCHOOL DISTRICT NO. 215, Respondent-Appellee.

First District (1st Division)    No. 79-2482

Opinion filed March 30, 1981.

Gilbert A. Cornfield, of Cornfield & Feldman, of Chicago, for appellant.

William A. Vlasek, of Lansing, for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Petitioner, Gail Head, appeals from the order of the circuit court of Cook County denying her motion for summary judgment and granting summary judgment in favor of respondent, the Board of Education of Thornton Fractional Township South High School District No. 215.

The following facts are undisputed:

Petitioner was hired by respondent as a full-time language teacher for the 1976-77 and 1977-78 school terms. During the 1977-78 school term, respondent determined that it might be necessary to reduce the size of the foreign language faculty because of reduced enrollment. Respondent decided to notify petitioner that she would not be renewed for employment for the 1978-79 school term. A letter of notice of nonrenewal was mailed to petitioner on March 22, 1978. According to the school calendar for the 1977-78 school term, March 24, 1978, a Friday, was a school holiday and March 27, 1978, the following Monday, through March 31, 1978, was Easter holiday. Respondent's notice of nonrenewal was sent by certified mail, return receipt requested. The first attempt to deliver the notice to petitioner was on March 23, 1978. The second attempt to deliver was made on March 28, 1978, during the Easter holiday.

Petitioner was absent from her residence from March 24, 1978, until April 1, 1978. When she returned to her home April 1, 1978, she found "a pink slip" indicating that an attempt had been made to deliver a certified letter. Petitioner made an unsuccessful attempt to locate the certified letter after April 1, 1978, by contacting various post office facilities in the vicinity of her residence. On April 20, 1978, petitioner was given a photocopy of the March 22, 1978, notice of nonrenewal by the principal of her school while she was at work.

The certified letter was marked "return-unclaimed" on April 7, 1978. However, according to the postmark, the letter was in the Oak Lawn post office on April 10, 1978.

The last day of the 1977-78 school term was June 9, 1978, less than 60 days after April 20, 1978. April 10, 1978, was the last day within the 60-day period before the end of the school term.

Petitioner filed her petition for a writ of *mandamus* alleging that the requirements of notice set forth in section 24—11 of the School Code (Ill. Rev. Stat. 1979, ch. 122, par. 24—11) were not followed by respondent in that petitioner did not receive notice of nonrenewal within 60 days before the end of the school term and the notice was sent by "certified mail" instead of the statutorily required "registered mail." Respondent filed a motion for summary judgment, contending that the attempted service of the notice by certified mail on March 23, 1978, was sufficient compliance with section 24—11 of the School Code. Respondent also raised the issues of laches and the scope of remedies in its motion for summary judgment. Petitioner responded by filing a motion for summary judgment, taking the position that because she did not receive the required notice, by virtue of the specific statutory provisions she was entitled to be considered as re-employed for the 1978-79 school term and was entitled to full benefits and rights of tenure.

The trial court granted respondent's motion for summary judgment and denied petitioner's motion for summary judgment. The court, limiting its ruling to the issue of whether there was compliance with the notice provisions of section 24—11 of the School Code, found that in giving a reasonable interpretation to the statute that requirements of section 24—11 were satisfied.

Section 24—11 of the School Code (Ill. Rev. Stat. 1979, ch. 122, par. 24—11) provides in pertinent part:

> "Any teacher who has been employed in any district as a full-time teacher for a probationary period of 2 consecutive school terms shall enter upon contractural continued service unless given written notice of dismissal stating the specific reason therefor, by registered mail by the employing board at least 60 days before the end of such period. * * *"

Petitioner argues that because the notice requirements set forth in section 24—11 of the School Code (Ill. Rev. Stat. 1979, ch. 122, par. 24—11) were not followed by respondent, she was entitled to be considered as re-employed for the 1978-79 school term and was entitled to full benefits and rights of tenure. She contends that the statutory requirements for notice were not followed in that petitioner did not receive

notice of nonrenewal within 60 days before the end of the school term and the notice was sent by "certified mail" instead of "registered mail."

Respondent contends that the fact that the notice was mailed "certified, return receipt requested" instead of "registered mail" is not determinative and that the inability of respondent to know that petitioner had not been notified until after the expiration of the 60-day period dictates the conclusion that respondent substantially complied with section 24—11 of the School Code. Respondent notes that its notice of nonrenewal was mailed to petitioner more than 60 days prior to the expiration of the school term.

■■■ The mode of dismissing or removing teachers from their positions is a matter expressly regulated by statute which must be substantially followed if a dismissal is to be valid and effective. (*Donahoo v. Board of Education* (1952), 413 Ill. 422, 109 N.E.2d 787; *Seim v. Board of Education* (1974), 21 Ill. App. 3d 386, 315 N.E.2d 282.) Under the facts and circumstances of this case, the fact that the notice here was sent by "certified mail, return receipt requested" instead of by "registered mail" is not of pivotal importance. The purpose of the statutory requirement that the notice of nonrenewal be sent by registered mail is to provide documentation that the notice was received and thereby avoid potential controversies concerning whether or not the notice was conclusively given. However, because both "certified mail, return receipt requested" and "registered mail" document whether or not the addressee received the letter, we do not find the form of mailing notice in this case to be determinative.

It is undisputed that petitioner did not receive notice of nonrenewal within the 60-day period before the end of the school term. We do not believe that the mere mailing of the notice by respondent was sufficient. If the legislature intended that a board's duty would be fulfilled upon mailing notice, it would not have required a form of mailing that would indicate to the board whether or not the notice was received. Ordinary mail would suffice if the board was required only to send notice and not required to take steps to insure that a teacher receive notice.

The certified letter containing the notice was marked "returned" to respondent April 7. The letter was also postmarked April 10 at the Oak Lawn post office facility. It is, therefore, unclear as to when the letter was returned to respondent. We note, however, that because respondent did not receive its return receipt within the 60-day period before the end of the school term, it could ascertain that petitioner had not received the notice within the 60-day period.

Petitioner returned to work April 1, yet it was not until April 20 that she received actual notice of nonrenewal in the form of a photocopy of the letter respondent had mailed. In addition, there is no evidence that

petitioner deliberately avoided receipt of the letter. On the contrary, according to her affidavit, after petitioner received the "pink slip" from the postal authorities indicating that a certified letter was to be picked up at the post office, she made attempts to locate the letter by visiting various post office facilities in her vicinity and inquiring about the letter.

We find that respondent did not comply with section 24—11 of the School Code in that it failed to give written notice to petitioner within 60 days before the end of the school term.

We reverse the trial court's determination that respondent's motion for summary judgment be granted and that petitioner's motion for summary judgment be denied. We, therefore, enter judgment for petitioner on the issue of notice and remand the cause for further proceedings on the issues of laches and remedy.

Reversed and remanded.

GOLDBERG, P. J., and McGLOON, J., concur.