J. RANDOLPH BETHUNE, Plaintiff-Appellee and Cross-Appellant, v. C. TOM LARSON *et al.*, Defendants-Appellants and Cross-Appellees.

Fifth District   No. 5—87—0754

Opinion filed August 29, 1989.

164

William L. Berry, of East St. Louis, for appellant.

Patrick J. O'Hara and Samuel S. Blane, both of Petersburg, for appellee.

JUSTICE HOWERTON delivered the opinion of the court:

Plaintiff, Bethune, was employed for 11 years as a counselor by the Montgomery County Health Department. Because of a personality conflict he had with another employee, the two were put on six months' probation on October 10, 1984.

In March 1985, the chairman of the Montgomery County Board of Health (hereinafter referred to as the Board) and Larson, administrator of the Montgomery County health Department, met with the Montgomery County State's Attorney. The three of them concluded

that Larson had the power to fire plaintiff. This meeting was held without direction of the Board.

Before the Board next met, Larson fired plaintiff. Larson then informed the Board of the discharge. The Board held a hearing, reviewed Larson's decision and approved plaintiff's discharge.

Plaintiff then sought administrative review of the Board's action pursuant to the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*), claiming that Larson lacked authority to discharge him, and also claiming that the Board had not complied with the provisions of the Illinois Administrative Procedure Act (Ill. Rev. Stat. 1985, ch. 127, par. 1001 *et seq.*).

The circuit court granted plaintiff summary judgment, finding that Larson had no statutory authority to discharge plaintiff. The circuit court found further that although the manifest weight of the evidence supported the discharge, nevertheless, the Board's decision to discharge the plaintiff constituted a review of Larson's act, rather than an independent determination on the Board's part. Therefore, because Larson lacked authority, his act discharging plaintiff was void, and necessarily, then, the Board's act "affirming" the discharge was a "legally erroneous act."

The court remanded the case to the Board to take appropriate action and both sides appealed.

On appeal, defendants argue that the circuit court erred in finding that Larson lacked authority to discharge plaintiff. Defendants further argue that the Board's review and affirmation of the discharge amounted to a ratification and was not a legally erroneous act as found by the circuit court.

We agree with the circuit court that Larson did not have the authority to terminate plaintiff's employment. We further find, however, that the Board properly ratified Larson's decision to discharge plaintiff.

In finding Larson lacked authority to discharge plaintiff, and therefore, the discharge void, the circuit court heavily relied on *Bessler v. Board of Education of Chartered School District No. 150* (1973), 11 Ill. App. 3d 210, 296 N.E.2d 89. We find *Bessler* clearly distinguishable, however.

■ In *Bessler*, plaintiff contended that the school board could not delegate authority to hire or fire a teacher. The appellate court agreed, and said that the "people have chosen the members of the Board who are to exercise these discretionary powers and the people have a right to have such powers exercised only by those in whom they have placed their confidence." 11 Ill. App. 3d at 213.

In contrast to *Bessler*, wherein the school board was elected, here the County Board of Health has not been elected, but has been appointed by the chairman of the County Board of Commissioners. (See Ill. Rev. Stat. 1985, ch. 111½, par. 20c12.) Therefore, the fundamental impediment to the delegation of authority that was present in *Bessler* is not present here. Here, the people did not choose the Board of health, did not vest the Board with discretionary powers, and therefore, can have no expectation that only the Board exercises discretionary powers and can have no right to expect prohibition of delegation of discretionary authority.

■ Furthermore, our courts consistently have held that school boards must faithfully follow the procedures prescribed by the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 1—1 *et seq.*); failure to follow those procedures results in voiding an attempted discharge of a teacher. See *Aulwurm v. Board of Education of Murphysboro Community Unit School District No. 186* (1977), 67 Ill. 2d 434, 367 N.E.2d 1337; *Birk v. Board of Education of Flora Community Unit School District No. 35* (1983), 120 Ill. App. 3d 181, 457 N.E.2d 1065; *aff'd* (1984), 104 Ill. 2d 252, 472 N.E.2d 407.

Whereas section 24—11 of the Illinois School Code prescribes obligatory procedures for discharge of a tenured teacher (Ill. Rev. Stat. 1985, ch. 122, par. 24—11), on the other hand, section 15 of the public health district act is couched in language significant to the resolution of the instant case. Ill. Rev. Stat. 1985, ch. 111½, par. 20c14.

■ Section 15 of the public health district act specifically grants to county boards of health, "the exclusive right to employ and discharge its officers and employees, except as otherwise provided in Section 14." (Ill. Rev. Stat. 1985, ch. 111½, par. 20c14.) Section 14 of the Act enumerates the powers and duties granted to county boards of health. (Ill. Rev. Stat. 1985, ch. 111½, par. 20c13.) Pursuant to section 14, the Board has the power to appoint officers and employees as it deems necessary. (Ill. Rev. Stat. 1985, ch. 111½, par. 20c13(11).) Additionally, the Board may prescribe the powers and duties of those officers and employees. Ill. Rev. Stat. 1985, ch. 111½, par. 20c13(12).

The legislature intended to vest county boards of health with power to employ and discharge officers and employees and to set rules and regulations necessary for the enforcement of those powers. The legislature did not intend to limit the powers of the board over hiring and firing employees, but instead intended to allow the delegation of that power when a board of health deemed it necessary for efficiency.

Specifically, defendants argue that pursuant to these powers, Lar-

son was delegated substantial powers to manage the growing personnel problems concerning plaintiff. They argue that "while the Board clearly retained jurisdiction over the issue of the employment of Randolph Bethune and his co-employee, Ron Isaac, it, on a meeting-by-meeting basis, delegated those powers to Tom Larson."

While we accept defendants' general premise that the Board could have delegated to Larson the authority to discharge plaintiff, the record does not support defendants' specific premise that in this instance such authority, in fact, was delegated.

The record shows that plaintiff was discharged by Larson before the Board knew anything about it. The minutes of the Board do not indicate that the Board delegated authority to Larson to discharge plaintiff. Those minutes, having been prepared by Larson himself, state "Tom Larson informed the Board that he did not have any recommendations to make in reference to the personnel situation." Furthermore, Larson admitted in his answer to plaintiff's interrogatories that he believed that "the authority to hire or fire rested with the Board." These statements are strong evidence that Larson neither had, nor believed that he had, the authority to fire plaintiff. Therefore, we affirm the circuit court's finding that Larson did not possess the authority to discharge plaintiff.

As to ratification of the discharge by the Board, the record shows that Larson discharged plaintiff, then reported his action to the Board and the Board approved. Defendants claim that even if authority had not been delegated to Larson, nonetheless, the Board's approval constituted ratification. We agree.

The circuit court found that the Board could not have ratified the discharge. The gist of the basis for summary judgment in favor of plaintiff is this: Larson could not fire plaintiff; only the Board could; Larson's act was void; therefore, in order to discharge plaintiff, the Board had to have a hearing under the Administrative Procedure Act; the Board only reviewed the discharge; it did not make an independent determination whether plaintiff should be discharged; therefore, the Board's decision was a "legally erroneous" act.

This reasoning is fallacious for three reasons.

First, as addressed previously, the Board could have properly delegated authority to Larson to discharge plaintiff.

Second, the circuit court really did not deal with the issue of ratification. The circuit court did not review the action of the Board to determine if it amounted to ratification. Rather, it simply said that the Board could not have ratified the discharge. Tacitly, as a condition of its ruling, the circuit court has said there can be no ratification of a

void act where a board of health is concerned. This is erroneous. The doctrine of ratification applies to all public and municipal bodies. *Collinsville Community Unit School District No. 10 v. Witte* (1972), 5 Ill. App. 3d 600, 283 N.E.2d 718.

■■ Although ratification cannot be used to make legal those things that otherwise would be illegal for a public body, the discharge of an employee is within the powers and duties of a board of health. (See, *e.g.*, *Mahoney Grease Service, Inc. v. City of Joliet* (1980), 85 Ill. App. 3d 578, 406 N.E.2d 911; Ill. Rev. Stat. 1985, ch. 111½, par. 20c14.) Therefore, if Larson's discharge was void, nevertheless, it could be ratified. The real question is whether it was ratified in fact.

■■ A void act of an agent can be ratified by a principal where the principal has knowledge of the facts. (*Mateyka v. Schroeder* (1987), 152 Ill. App. 3d 854, 504 N.E.2d 1289.) Here, the Board knew of the discharge, reviewed the factual basis of the discharge, and adopted the discharge when it reviewed the evidence and approved it.

We believe the case of *Hadley v. County of Du Page* (7th Cir. 1983), 715 F.2d 1238, is similar. In *Hadley*, plaintiff was employed by Du Page County in 1964. He was promoted to superintendent of public works in 1970. On December 20, 1978, Knuepfer, the Du Page County board chairman, announced Hadley's dismissal. Six days later, the county board ratified Knuepfer's decision. *Hadley*, 715 F.2d at 1240.

Hadley asserted that his dismissal by Knuepfer was an illegal act because it had been performed without the prior consent of the county board. The court found:

> "The plaintiff is correct in asserting that a county board chairman in Illinois has no power to act individually absent statutory or board authorization. [Citation.] *** Since the County Board subsequently ratified and approved Knuepfer's action on December 26, 1978, and thereby made the termination legally binding, the fact that Knuepfer initially acted without prior Board consent is irrelevant." *Hadley*, 715 F.2d at 1240.

■■ In the present case, the record shows that the Board authorized the serving of notice of right to a hearing upon plaintiff. The Board heard extensive testimony during three meetings and reviewed the reasons for plaintiff's discharge. The Board found that Larson had just cause for discharging plaintiff, and as a result, terminated plaintiff's employment. Further, the Board authorized Larson to get resumes from prospective applicants to fill the vacant position. Therefore, we reverse the decision of the circuit court and hold that that the Board properly ratified Larson's decision to discharge Bethune.

■ Third, the circuit court's reasoning is fallacious because it relied on the provisions of the Administrative Procedure Act. After reviewing the record and the statutory scheme of the Administrative Procedure Act, we hold that plaintiff's discharge is not covered by its provisions. First, the county public health department act gives to the Board the exclusive right to discharge, except as provided in section 14. (Ill. Rev. Stat. 1985, ch. 111½, par. 20c15.) Insofar as section 14 is applicable, professional and medical staff must have qualifications as provided by the State Department of Public Health. (Ill. Rev. Stat. 1985, ch. 111½, par. 20c13.) Nowhere else is the exclusive right of the Board limited. Furthermore, while the State Department of Public Health expressly adopts the provisions of the Administrative Procedure Act (see Ill. Rev. Stat. 1985, ch. 111½, par. 22(d)), the county public health department act does not.

The actual language of the Administrative Procedure Act further establishes that it does not apply to plaintiff's discharge. Section 3.01 defines "Agency" as:

> "each officer, board, commission and agency created by the Constitution, whether in the executive, legislative, or judicial branch of State government, but other than the circuit court; each officer, department, board, commission, agency, institution, authority, university, body politic and corporate of the State; and each administrative unit or corporate outgrowth of the State government which is created by or pursuant to statute, other than units of local government and their officers, school districts and boards of election commissioners; each administrative unit or corporate outgrowth of the above and as may be created by executive order of the Governor." Ill. Rev. Stat. 1985, ch. 127, par. 1003.01.

In its order, the circuit court found that the Administrative Procedure Act applied to the instant case because "the Montgomery County Board of Health is *not* a unit of local government." We agree. The Board is not a unit of local government. Rather, it is an agency of a unit of local government. We find that an agency such as the Board is not an "agency" as defined by the Administrative Procedure Act, because the Board is not an "agency" of the State, which it must be to fall within the definition of "Agency" in section 3.01. Therefore, we further must find that plaintiff was not owed a hearing pursuant to that act.

■ On cross-appeal, plaintiff complains that he was not given two weeks' notice prior to his termination as required by the Board's personnel policy. The record, however, does not support plaintiff's

contention. Instead, the record indicates that plaintiff was first given notification of his termination on March 18, 1985. Because plaintiff's discharge was not effective until April 12, 1985, he clearly was given notice more than two weeks prior to his actual termination.

Lastly, the circuit court held that the findings of the Board were not contrary to the manifest weight of the evidence. Plaintiff argues that this finding was erroneous, complaining that the Board did not make findings of.fact required by the Illinois Administrative Procedure Act, and further argues that the vagueness of the allegations, the manner in which the hearing was held, and the absence of findings of fact in the Board's decision defy any meaningful review of the record.

The circuit court's order stated in part:

"The court finds there is ample evidence in the written documents and testimony offered at the hearings for the board and the Court to render a decision. The plaintiff was adequately advised by all the written evidence presented why he was being discharged. The plaintiff also had a full hearing to refute any of the charges.

Therefore the court finds the action of the board based on the testimony and written documents presented was sufficient to allow judicial review ***.

Based on the transcripts, which the Court has fully reviewed, the Court cannot find that the decision was against the manifest weight of the evidence ***."

A review of the record causes us to hold these findings proper.

■■■ In upholding the Board's decision, the circuit court relied on *Robinson v. Cook County Police & Corrections Merit Board* (1982), 107 Ill. App. 3d 978, 436 N.E.2d 617, and held that specific findings of fact, as required by the Administrative Procedure Act (Ill. Rev. Stat. 1985, ch. 127, par. 1014), are unnecessary where the testimony is preserved for review with a written record. We find the circuit court's conclusion correct, but unnecessary. As stated previously, the Administrative Procedure Act does not apply to plaintiff's discharge.

■■■ In considering whether the evidence supported the Board's finding, it was not the duty of the circuit court to weigh the evidence. Instead, it was the circuit court's duty to determine if the findings and decision of the Board were against the manifest weight of the evidence. *Schnulle v. Board of Fire & Police Commissioners* (1974), 16 Ill. App. 3d 812, 306 N.E.2d 906.

■■■ ■ In order for this court to conclude that the Board's decision to discharge plaintiff was against the manifest weight of the evi-

dence, we must be satisfied that a conclusion opposite of that reached by the Board is clearly evident. (See *Kreiser v. Police Board of the City of Chicago* (1976), 40 Ill. App. 3d 436, 352 N.E.2d 389; *aff'd* (1977), 69 Ill. 2d 27, 370 N.E.2d 511.) An examination of the entire record, however, does not lead us to such a result. Therefore, the decision of the circuit court that the Board's decision was not against the manifest weight of the evidence is affirmed.

For the above-stated reasons, we reverse the circuit court and hold that the Board could have delegated to Larson the authority to discharge plaintiff under the county public health department act. (Ill. Rev. Stat. 1985, ch. 111½, pars. 20c13, 20c14.) We further reverse and hold that the Board properly ratified Larson's decision to discharge plaintiff. We affirm the circuit court's holding that the Board's decision to discharge plaintiff was not against the manifest weight of the evidence.

Affirmed in part; reversed in part.

CHAPMAN and RARICK, JJ., concur.