MARK VERTICCHIO, Plaintiff-Appellant, v. DIVERNON COMMUNITY UNIT SCHOOL DISTRICT NO. 13 *et al.*, Defendants-Appellees.

Fourth District No. 4—89—0833

Opinion filed May 31, 1990.

R. Mark Mifflin, of Giffin, Winning, Cohen & Bodewes, P.C., of Springfield, for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini, John M. Hynes, and Richard R. Winter, of counsel), for appellees.

JUSTICE SPITZ delivered the opinion of the court:

Plaintiff Mark Verticchio appeals the circuit court's order granting summary judgment for the defendants Divernon Community Unit School District No. 13 (School District), Thomas Veihman, superintendent of schools, and Joseph Klein, president of the school board. The issue in this case is whether the defendants violated section 24—11 of the School Code (Code) in the procedure they used in dismissing the plaintiff from his teaching position. (Ill. Rev. Stat. 1987, ch. 122, par. 24—11.) We hold they did not, and we affirm.

Plaintiff was employed by defendant School District and was serving his second year as a full-time probationary nontenured teacher. Prior to the March 8, 1989, school board meeting, Veihman, according to his affidavit, informed plaintiff and his attorney, Rick Verticchio, that Veihman intended to recommend plaintiff's employment be terminated. The reasons given were plaintiff's failure to establish and follow orderly lesson objectives, and failure to maintain classroom noise at an appropriate level. No notice to this effect had yet been mailed to the plaintiff.

On March 8, 1989, the school board meeting was held in which plaintiff was granted a hearing, held in closed session. During this hearing, plaintiff submitted a written memorandum explaining his position on the issues. After their presentation, the plaintiff and his attorney were excused and the board went into executive session for approximately 15 minutes. According to the affidavit of school board president Klein, during this executive session, the board discussed the matter, the superintendent informed the board of the above-mentioned reasons for the dismissal, and recommended plaintiff be dismissed. At this time, the superintendent presented to the board a proposed resolution dismissing plaintiff as a teacher. Also presented to the board at this time was the letter which was to be sent to plaintiff, informing him of the dismissal, and which had the words "exhibit A" printed at the bottom of the page. The resolution stated plaintiff was to be dismissed, and directed the president and the secretary of the board of education to execute and mail to plaintiff the form attached as exhibit No. A. The resolution gave no specific reasons for the dismissal. The letter exhibit No. A, however, contained both reasons discussed previously for the dismissal.

The board then went into open session. The superintendent recommended the board adopt the termination resolution. The superintendent handed the proposed resolution to the board president, seated next to him. This resolution did not have the letter exhibit No. A attached to it. The resolution was then passed unanimously during

this open session. Plaintiff's attorney asked to examine the resolution, then pointed out exhibit No. A was not attached. The superintendent removed the exhibit from the folder in front of him and showed it to the president of the school board. There is no dispute that exhibit No. A was then sent to plaintiff by certified mail and that plaintiff received the letter no less than 60 days prior to the end of the school year.

On June 23, 1989, plaintiff filed a complaint, specifically alleging the method of dismissal was a violation of section 24—11 of the Code. (Ill. Rev. Stat. 1987, ch. 122, par. 24—11.) On October 10, 1989, the trial court entered its judgment order granting defendants' and denying plaintiff's motion for summary judgment in that defendants had complied with section 24—11 of the Code in the dismissal of a nontenured teacher.

 Section 24—11 of the Code states in part:

"Any teacher who has been employed in any district as a full-time teacher for a probationary period of 2 consecutive school terms shall enter upon contractual continued service unless given written notice of dismissal stating the specific reason therefor, by certified mail, return receipt requested by the employing board at least 60 days before the end of such period." (Ill. Rev. Stat. 1987, ch. 122, par. 24—11.)

"Summary judgment should be granted only when the pleadings, depositions, and admissions, together with any affidavits, show there is no genuine issue as to a material fact, and that the movant is entitled to judgment as a matter of law." (*Cronic v. Doud* (1988), 168 Ill. App. 3d 665, 668, 523 N.E.2d 176, 178.)

By examining the affidavits in the record, there is no dispute a written notice of termination was sent by certified mail to the plaintiff before the 60-day limitation had passed, and this notice included the specific reasons for the dismissal. The defendants' affidavit stated the board saw this notice and was aware of its contents. The board also heard the superintendent recommend termination based on these reasons.

 The plaintiff argues this discussion as to the reasons of his termination took place in closed session and, therefore, the board's alleged silent knowledge of these reasons is irrelevant and contrary to the Open Meetings Act of Illinois (Act) (Ill. Rev. Stat. 1987, ch. 102, pars. 41 through 46). In a dismissal of a school teacher, the fact a decision maker, such as a school board member, had taken a position prior to a hearing does not disqualify him as a decision maker and "[t]here is a strong presumption of honesty and integrity in those

serving as adjudicators." (*Grissom v. Board of Education of Buckley-Loda Community School District No. 8* (1977), 55 Ill. App. 3d 667, 673, 370 N.E.2d 1298, 1303.) Therefore, even if such discussions took place in closed session, this does not make such discussions or knowledge suspect or irrelevant. In *Grissom*, a case of a dismissal of a tenured teacher, the board deliberated on this matter in closed session, and upon returning to open session, a roll call vote was taken. This roll call vote was held to be a sufficient final action even though full discussion of the matter took place in closed session. (*Grissom*, 55 Ill. App. 3d at 675, 370 N.E.2d at 1304.) Thus, according to *Grissom*, simply because discussion of the reasons for dismissal took place in closed session does not make such discussions irrelevant or ineffective. This being the case for the dismissal of a tenured teacher, it should be no less a case for a nontenured teacher.

■ Section 2 of the Act clearly states "[t]his Section does not prevent any body covered by this Act from holding closed meetings to consider information regarding \*\*\* dismissal of an employee." (Ill. Rev. Stat. 1987, ch. 102, par. 42.) Therefore, the discussion regarding the reasons for Mark's dismissal could effectively take place in closed session without violating this Act. Further, in order to claim a violation of the Act, civil action must take place "prior to or within 45 days after the meeting alleged to be in violation of this Act." (Ill. Rev. Stat. 1987, ch. 102, par. 43(a).) Since the meeting in which the alleged violation took place was held on March 8, 1989, and the first complaint by the plaintiff was filed on June 23, 1989, more than 45 days had passed. Accordingly, any issue regarding a purported violation of the Act has been effectively waived.

We next consider whether the action of the school board violated section 24—11 of the Code. The plaintiff argues the notice was ineffective, since the board discussed the reasons for dismissal in closed session only. The plaintiff further argues that since the specific reasons for dismissal were not attached to the resolution, the board's action in open session was ineffective, and not a final action. Therefore, plaintiff argues, those who signed the notice later sent to the plaintiff were without the authority of the board to do so, making such notice ineffective and violating the requirements set by the Code.

■ ■ The mode of dismissing teachers is expressly regulated by statute and must be substantially followed if dismissal is to be effective and valid. (*People ex rel. Head v. Board of Education of Thornton Fractional Township South High School District No. 215* (1981), 95 Ill. App. 3d 78, 81, 419 N.E.2d 505, 507.) While a tenured

teacher is entitled to notice, hearing, and a bill of particulars, the non-tenured teacher need only be provided with a specific reason for his dismissal. (*Howard v. Board of Education of Freeport School District No. 145* (1987), 160 Ill. App. 3d 309, 313, 513 N.E.2d 545, 547.) Notice of dismissal stating specific reasons, given by registered mail at least 60 days before the end of the probationary period, is all that is required. *Seim v. Board of Education of Community Unit District No. 87* (1974), 21 Ill. App. 3d 386, 392, 315 N.E.2d 282, 287.

■ Plaintiff cites no cases, and the statute does not require the reasons for dismissal be read in public at open session in order for the notice to be effective. In *Pennell v. Board of Education of Equality Community Unit School District No. 4* (1985), 137 Ill. App. 3d 139, 484 N.E.2d 445, a superintendent's recommendation stating simply "[e]mploy a half-time librarian," thereby reducing plaintiff from a full-time to a part-time librarian, was held sufficient to constitute board action as to comply with section 24—11 of the Code. (*Pennell*, 137 Ill. App. 3d at 142, 484 N.E.2d at 447-48.) In *Grissom*, a discussion of termination reasons made during closed session and simple roll call taken during the open meeting was held to comply with the Code requirements of a final board action. (*Grissom*, 55 Ill. App. 3d at 675, 370 N.E.2d at 1304.) Even a board's tentative resolution to dismiss a teacher made in closed session, after which a final vote was taken in open session, with no public reading as to the reasons behind the decision, was held to be valid and comply with the Code. (*Davis v. Board of Education of Farmer City-Mansfield Community Unit School District No. 17* (1978), 63 Ill. App. 3d 495, 498-99, 380 N.E.2d 58, 61.) None of the above cases indicate a public reading of the reasons for termination is necessary or that such reasons need to be attached to the resolution in order for the action to comply with the Code.

Plaintiff cites *Koerner v. Joppa Community High School, District No. 21* (1986), 143 Ill. App. 3d 162, 492 N.E.2d 1017. In *Koerner*, the board voted to change the closing date of the school from May 31 to May 23, 1984. Notice of dismissal was received by the plaintiff on April 2. The defendant school district in *Koerner* argued that since the board had subsequently voted to declare May 24 through 31 as school holidays, the prior action changing the closing date did not constitute a change of the original school calendar and the term did not end until May 31. The *Koerner* court held that since the board never rescinded the original order to move the closing date, or change the date back to May 31, the May 23 date was held to be the closing date of the school year, and the notice was held to be untimely. (*Koerner*, 143 Ill. App. 3d at 166-67, 492 N.E.2d at 1019-20.) Plaintiff argues

the *Koerner* school board intended to reestablish the final day of the school year back to the May 31 date by adding on the holidays and such action was held to be a nullity. Plaintiff further argues that as in *Koerner*, while this board of education may have intended to pass an effective resolution, its action became a nullity because the resolution failed to state the specific reasons for dismissal, thereby making it ineffective.

■ Plaintiff's analogy to *Koerner* fails for two reasons. First, the *Koerner* dismissal was ineffective due to a violation of an express provision of the Code, the 60-day notice requirement. Unlike *Koerner*, failure to state reasons for termination in the termination resolution is neither an express violation of the statute, nor contrary to case law. Second, the *Koerner* court did not base its holding on the board's alleged intention to extend the closing date back to May 31 by declaring school holidays. Rather, the court stated its decision was based on the fact the board could have changed the closing date back to May 31, but neglected to do so. (*Koerner*, 143 Ill. App. 3d at 166, 492 N.E.2d at 1019.) *Koerner*, therefore, is distinguishable on its facts, and the attempt to analogize *Koerner* to this case is inappropriate.

■■ ■ Plaintiff argues that the president and the secretary of the school board delivered notice without authority of the school board. For this he cites *Bessler v. Board of Education of Chartered School District No. 150* (1973), 11 Ill. App. 3d 210, 296 N.E.2d 89. While the authority to hire or fire a teacher may not be delegated to school employees, such as a superintendent (*Bessler*, 11 Ill. App. 3d at 212, 296 N.E.2d at 91), Klein was acting in his capacity as president of the board. In *Bessler*, the personnel director of the school board issued a timely notice, but did so before the board took its untimely action, thereby making the dismissal ineffective. (*Bessler*, 11 Ill. App. 3d at 213, 296 N.E.2d at 90.) In this case, the notice was mailed after the action of the board and was signed by the president and the secretary of the board. Therefore, plaintiff's argument that such action was taken without the authority of the board is without merit.

For the foregoing reasons, the order of the trial court granting summary judgment for the defendants is affirmed.

Affirmed.

KNECHT, P.J., and STEIGMANN, J., concur.