THE PEOPLE *ex rel.* CRAZY HORSE, INC., Plaintiff-Appellee, *v.* RICHARD J. DALEY, Mayor of the City of Chicago and Local Liquor Control Commissioner, Defendant-Appellant.

First District (4th Division)    No. 62290

Opinion filed July 14, 1976.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Lucia T. Thomas, Assistant Corporation Counsel, of counsel), for appellant.

John J. Muldoon, of Chicago, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This appeal is from a writ of mandamus order of the Circuit Court of Cook County requiring the Local Liquor Control Commissioner to issue a late-hour liquor license.

The issue is whether, when denied renewal of a late-hour license by the Local Liquor Control Commissioner, the licensee must exhaust his administrative remedies before applying for a writ of mandamus from the circuit court.

On April 23, 1975, Crazy Horse, Inc. (hereinafter called "plaintiff"), applied for renewal of its late-hour liquor license. Richard J. Daley (hereinafter called "defendant"), as Local Liquor Control Commissioner, refused to renew said license.

On April 25, 1975, plaintiff filed a complaint for writ of mandamus, seeking the issuance of a late-hour liquor license. No appeal was taken to the license appeal commission of the City of Chicago or to the State License Appeal Commission.

On May 1, 1975, the Circuit Court of Cook County issued an order for a writ of mandamus, directed to the Local Liquor Control Commissioner, to issue a late-hour license to the plaintiff.

The license which is the subject of the writ of mandamus and this appeal was issued for a period of six months: from April 30, 1975, until October 31, 1975. Subsequent to that period, plaintiff was reissued a late-hour license for the period of November 1, 1975, until April 30, 1976. This later license was issued without protest from the Local Liquor Control Commissioner.

■■ Regulation of liquor licensing in the State of Illinois in generally controlled by the Liquor Control Act. Ill. Rev. Stat. 1975, ch. 43.

Section 8 of article VII of the Liquor Control Act (Ill. Rev. Stat. 1975, ch. 43, par. 153) is titled "Appeals from order of local commissioner," and provides any order of a local liquor control commissioner refusing to grant a license, may within 20 days after notice of such order, be appealed from to the State commission or to the license appeal commission. This section specifically provides that an appeal from a ruling of a commissioner of a city of 500,000 or more inhabitants shall be tried before the license appeal commission, and an appeal from a ruling of a commissioner of a municipality of less than 500,000 inhabitants shall be tried before the State Commission. Decisions of both the license appeal commission and the State Commission are final administrative decisions and, as such, are reviewable under the Administrative Review Act. See Ill. Rev. Stat. 1975, ch. 43, par. 154a; and Ill. Rev. Stat. 1975, ch. 110, par. 265.

In the case at bar, plaintiff filed for license renewal on April 23, 1975, and, upon refusal to renew by the defendant, on April 25, 1975, filed a complaint for writ of mandamus. There was no appeal to the license appeal commission as provided in the Liquor Control Act.

■■ The complaint for writ of mandamus should have been dismissed for failure to exhaust administrative remedies. See *Miller v. Daley* (1973), 14 Ill. App. 3d 394, 302 N.E.2d 347.

This opinion is conclusive as to the issue of whether a liquor license applicant must exhaust administrative remedies, but has no effect on the validity of any liquor license obtained by plaintiff subsequent to the liquor license at issue herein.

For the foregoing reasons, the judgment of the Circuit Court of Cook County granting a writ of mandamus is hereby reversed.

Reversed.

JOHNSON, P. J., and BURMAN, J., concur.