(No. 57413.—

CITY NATIONAL BANK & TRUST COMPANY, Trustee, Appellee, v. THE PROPERTY TAX APPEAL BOARD *et al.* (The Property Tax Appeal Board, Appellant).

*Opinion filed September 23, 1983.*

Tyrone C. Fahner and Neil F. Hartigan, Attorneys General, of Springfield (Patricia Rosen and Kathryn A. Spalding, Assistant Attorneys General, of Chicago, of counsel), for appellant.

Curtis D. Worden, Ltd., of Rockford, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, the City National Bank & Trust Company, filed actions under the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 264 *et seq.*) to review the decision of the Property Tax Appeal Board (hereafter defendant) denying reductions in the assessments of its real estate in Winnebago County. The circuit court of Winnebago County, upon allowance of defendant's motions, dismissed the actions on the ground that they were not timely commenced. The appellate court reversed the circuit court's order and remanded the cause (108 Ill. App. 3d 979), and we granted defendant's petition for leave to appeal (87 Ill. 2d R. 315).

It is alleged in the complaints that plaintiff is the titleholder to certain parcels of real property situated in Winnebago County; that these parcels were incorrectly assessed, and said assessments should be reduced; that the Winnebago County board of review denied plaintiff's request to reduce the assessments; that on review by defendant the decision was affirmed. On March 20, 1981, defendant rendered its decision and served it upon plaintiff by mail. On April 24, 1981, a Friday, the 35th day after the mailing of the decision, plaintiff's attorney presented to the office of the clerk of the circuit court of Winnebago County two complaints for administrative review. The summonses were issued by the circuit clerk on the following Monday, April 27, 1981.

Affidavits filed by plaintiff's attorney and the deputy circuit clerk stated that on April 24 the attorney had told the deputy clerk that the summonses had to be issued that day and that the clerk told him that the summonses would not be mailed until the following Monday, but assured him that, in accordance with the procedure in the clerk's office, although the summonses might not be mailed until later, they would be issued "effective" on

380

the date the complaint was filed. The summonses, however, were dated April 27.

Defendant moved to dismiss on the ground that under section 4 of the Administrative Review Act the actions were not timely filed. Section 4 in pertinent part provided:

"Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." (Ill. Rev. Stat. 1979, ch. 110, par. 267.)

The circuit court found that plaintiff had filed the actions within the 35-day period fixed by the statute, but because the summonses were not issued until after the 35th day, the motions to dismiss were allowed.

The appellate court reversed and remanded, holding that if a plaintiff files his complaint within the 35-day period, and "in good faith attempts to have the clerk issue summons within the same period, he is not deprived of his right to appeal on jurisdictional grounds." 108 Ill. App. 3d 979, 983.

Defendant contends that the language of section 4 of the Administrative Review Act is explicit and that the issuance of summons within 35 days is a mandatory and jurisdictional prerequisite to commence an action for administrative review. It concedes, however, that when a party has done all that he can to meet the statutory requirements, but there is failure to comply with the statute because of the action or inaction of a third person outside his control, to deny him the right to pursue his administrative remedy would constitute a deprivation of due process. (*Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 71 L. Ed. 2d 265, 102 S. Ct. 1148.) It suggests that, in the event of intervention of action or inaction of such third party over whom the party seeking administrative review has no control, the party should be required to prove that he has

done everything reasonably possible to assure the filing of the complaint and the issuance of summons within the statutory time. Defendant argues that whether plaintiff had done everything reasonably possible to assure the filing of the complaint and the issuance of the summons within the time fixed by the statute is a question of fact. It argues that plaintiff's efforts here were inadequate in that although its attorney was aware that the complaint was being filed on the 35th day and that summons must be issued on that day, he took no further steps to assure the issuance, such as calling the clerk's office to determine whether the summonses had in fact been issued. It argues that the cause should be remanded to the circuit court to determine whether plaintiff's actions were sufficient to comply with the requirements of section 4.

Plaintiff contends that section 4 does not impose a jurisdictional requirement, but a mandatory one which can be excused if the facts warrant it. Plaintiff argues that since it has no control over the circuit clerk, the failure of the clerk to timely perform his ministerial duties should not deprive plaintiff of its right to administrative review.

An established rule of statutory construction in this jurisdiction is that courts will " 'liberally construe a right to appeal so as to permit a case to be considered on its merits.' " (*Cox v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 399, 403; *Glasco Electric Co. v. Department of Revenue* (1981), 86 Ill. 2d 346, 352.) *Cox* involved facts similar to those presented here. The plaintiff filed his complaint for administrative review on the 35th day after service, together with unsigned summonses directed to each of the proper parties defendant to the administrative review action and also with affidavits concerning their addresses. The clerk did not sign and send these summonses until the 36th day after service. The circuit court dismissed the action and the appellate court affirmed. We reversed and remanded, holding that "the issuance of summons

within the 35-day period was intended to be mandatory and not jurisdictional, and that 'the purpose of the limitation period was to hasten the procedure in these cases.' " (96 Ill. 2d 399, 403-04.) We find the holding of *Cox* equally applicable in the present case.

We agree with defendant that the question whether plaintiff has done all that it can to comply with the statute is one of fact. We do not agree, however, that remand is required here. In its order of dismissal the circuit court found that the failure to issue the summonses within the time prescribed by the statute occurred "through no fault of the plaintiff and by error entirely within the office of the Circuit Clerk." We agree and hold that the action was timely commenced.

The judgment of the appellate court is affirmed and the cause is remanded to the circuit court of Winnebago County with directions to consider the administrative review on its merits.

*Affirmed and remanded,*
*with directions.*