SPICER, INC., *et al.*, Plaintiffs, v. REGIONAL BOARD OF SCHOOL TRUSTEES OF LA SALLE COUNTY, Defendant (Marseilles Community Unit School District No. 155, Plaintiff-Appellee; Seneca Community Consolidated School District No. 170 *et al.*, Defendants-Appellants).

Third District   Nos. 3—90—0010, 3—90—0030 cons.

Opinion filed March 26, 1991.

Hoffman, Mueller, Creedon & Twohey, of Ottawa (George Mueller and Gerard E. Dempsey, of counsel), for appellant Seneca Community Consolidated School District No. 170.

Gerard E. Dempsey, of Klein, Thorpe & Jenkins, of Chicago, for appellant Seneca Township High School District No. 160.

Heidi A. Katz and Everett E. Nicholas, Jr., both of Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., of Chicago, for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

Defendants appeal the trial court's order reversing a decision of the Regional Board of School Trustees of La Salle County (hereinafter Board). The Board denied plaintiffs' petition for detachment-annexation of certain territory. The trial court reversed that decision as being against the manifest weight of the evidence. Defendants also appeal an issue on the pleadings concerning plaintiffs' failure to properly invoke the jurisdiction of the circuit court.

The plaintiffs filed a petition seeking to have certain territory detached from the Seneca school districts and annexed to Marseilles School District 155. On February 19, 1988, the Board issued an order setting the annexation/detachment matter for a hearing. Marseilles District 155, Seneca District 160 and Seneca District 170 appeared at the hearing as parties of record and participated through their attorneys. On May 24, 1988, the Board denied the petition.

On June 30, 1988, plaintiff filed a complaint for administrative review, naming *only* the Board as defendant. On July 19, 1988, the Board filed a motion to strike and dismiss the complaint for failure to join all parties of record pursuant to section 3—107 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 3—107). On July 28,

1988, the trial court granted the Board's motion to dismiss and gave the plaintiffs 21 days to file an amended complaint.

On September 15, 1988, 49 days after the original complaint had been dismissed, plaintiffs filed an amended complaint for administrative review naming the following as defendants: Marseilles Community Unit School District No. 155, Seneca Community Consolidated School District No. 170, and Seneca Township High School District No. 160. Both Seneca school districts filed a special and limited appearance and a motion to dismiss for lack of subject matter jurisdiction. After a hearing, the trial court, on December 19, 1988, denied both motions to dismiss.

On August 23, 1989, the trial court reversed the Board's original decision to deny the petition for detachment/annexation.

Seneca District No. 170 and Seneca District No. 160 filed their respective notices of appeal on January 4 and January 12, 1990. Each notice requested review of two orders: (1) the trial court's August 23, 1989, order reversing the Board's denial of the annexation petition; and (2) the trial court's December 15, 1989, denial of defendants' motion to reconsider. The notices of appeal did not mention the trial court's order of December 19, 1988, denying defendants' motion to dismiss.

This case involves the following issues: (1) whether the Seneca school districts were necessary parties in this action for administrative review; (2) and, if so, whether the failure to name them as defendants, file the complaint and issue summons within the 35-day period mandated by statute deprived the circuit court of jurisdiction to adjudicate the case; and (3) whether the defendants' failure to include the lower court's December 19, 1988, order denying defendants' motion to dismiss deprives the appellate court of jurisdiction to hear this appeal.

■ First, we consider whether the Seneca school districts were necessary parties to the action for administrative review before the trial court. The Administrative Review Law (Ill. Rev. Stat. 1989, ch. 110, par. 3—101 *et seq.*) governs the procedural requirements for judicial review of an administrative decision. The act requires that an action for administrative review "shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." (Ill. Rev. Stat. 1989, ch. 110, par. 3—103.) Moreover, the summons must be issued on the administrative agency and on all defendants. (Ill. Rev. Stat. 1989, ch. 110, par. 3—105.) Section 3—107 requires that "all persons, other than the plain-

tiff, who were parties of record to the proceedings before the administrative agency *** be made defendants." (Ill. Rev. Stat. 1989, ch. 110, par. 3—107.) Section 3—102 states that "[u]nless review is sought *** within the time and in the manner herein provided," a party is barred from bringing an action for administrative review. (Ill. Rev. Stat. 1989, ch. 110, par. 3—102.) The Administrative Review Law is statutory and not based upon the common law. As a consequence, the procedures mandated by the act must be strictly adhered to in order to justify its application. *Winston v. Zoning Board of Appeals* (1950), 407 Ill. 588, 95 N.E.2d 864.

■■ The clear and unequivocal language set forth in section 3—107 of the act prescribes that all persons (other than the plaintiffs) who were parties of record to the proceedings before the Board "shall be made defendants." This requirement is mandatory, specific, and admits no modification. (*Winston v. Zoning Board of Appeals* (1950), 407 Ill. 588, 595, 95 N.E.2d 864.) For this reason, the plaintiffs were required to designate the Seneca school districts as defendants to their action for judicial review.

Defendants argue that no subject matter jurisdiction was conferred on the circuit court because: (1) plaintiffs failed to timely name as defendants all parties to the administrative proceeding, *i.e.*, Seneca school districts; and (2) plaintiffs did not issue summons or file the complaint within 35 days from the date that a copy of the administrative decision was served upon the party seeking review. We agree.

■■ The case of *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 549 N.E.2d 1266, is dispositive of the foregoing jurisdictional issue. In *Lockett*, the Illinois Supreme Court held that all parties to an administrative proceeding must be made defendants within 35 days from the date that a copy of the administrative decision is served upon the party seeking review. The *Lockett* court stated that the requirement that a complaint be filed within 35 days was jurisdictional. Thus, if a complaint is not timely filed, no jurisdiction is conferred on the circuit court and judicial review of the administrative decision is barred. *Lockett v. Chicago Police Board*, 133 Ill. 2d at 355, 549 N.E.2d at 1268, citing *Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 486 N.E.2d 893. See also *Strang v. Department of Transportation* (1990), 206 Ill. App. 3d 368.

■■ The 35-day period for the issuance of summons, however, is mandatory, not jurisdictional, and the failure to comply with that requirement will not deprive the court of jurisdiction. *City National Bank & Trust Co. v. Property Tax Appeal Board* (1983), 97 Ill. 2d

378, 454 N.E.2d 652; *Cox v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 399, 451 N.E.2d 842.

It is also significant that the *Lockett* court found that a failure to name and issue summons against necessary parties within the 35-day time limit could *not* be cured by subsequent amendment. *Lockett v. Chicago Police Board*, 133 Ill. 2d 349, 549 N.E.2d 1266.

The purpose of the mandatory 35-day period is to "hasten the procedure" of administrative review and avoid undue delay. (*Lockett v. Chicago Police Board*, 133 Ill. 2d at 355, 549 N.E.2d at 1268.) An exception to the 35-day requirement does exist where, due to circumstances beyond the litigant's control, the summons and/or complaint were not filed within the 35-day period. (See *City National Bank & Trust Co. v. Property Tax Appeal Board*, 97 Ill. 2d at 382.) In cases where the 35-day requirement has been relaxed, the party must show a good-faith effort to file the complaint and secure issuance of the summons within the prescribed period of time in order to avoid dismissal. *City National Bank and Trust Co. v. Property Tax Appeal Board*, 97 Ill. 2d at 382; *Cox v. Board of Fire & Police Commissioners*, 96 Ill. 2d at 404.

■ In the present appeal, there is no dispute that the Seneca school districts were not named as defendants, that the summons were not issued within the 35-day period, and that the complaint was not filed within the 35-day period. Furthermore, plaintiffs have not offered, and our review of the record fails to disclose, any evidence of a good-faith effort to comply with the requirements of the act. Accordingly, we find that the trial court erred by not dismissing plaintiffs' complaint for administrative review since the trial court lacked jurisdiction to hear the case.

■ Lastly, we consider plaintiffs' argument that this court lacks jurisdiction to entertain defendants' appeal because defendants' notices of appeal refer only to those orders dated August 23, 1989, and December 15, 1989. The order denying defendants' motion to dismiss the administrative review action was entered on December 19, 1988. Supreme Court Rule 303(c)(2) requires that the notice of appeal "shall specify the judgment or part thereof appealed from and the relief sought from the reviewing court." (134 Ill. 2d R. 303 (c)(2).) Generally, when an appeal is taken from a specified judgment only, a reviewing court does not acquire jurisdiction to review other judgments which have not been specified in the notice of appeal. *Sterne v. Forrest* (1986), 145 Ill. App. 3d 268, 495 N.E.2d 1304; *E.M. Melahn Construction Co. v. Village of Carpentersville* (1981), 100 Ill. App. 3d 544, 427 N.E.2d 181.

However, an appeal from a final judgment draws into issue all prior, nonfinal orders which produced the final judgment. *Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 394 N.E.2d 380; *First National Bank v. St. Charles National Bank* (1987), 152 Ill. App. 3d 923, 504 N.E.2d 1257, *appeal denied* (1987), 116 Ill. 2d 553.

The purpose of the notice is to inform the successful party that his or her opponent seeks review by a higher court. (*Burtell v. First Charter Service Corp.*, 76 Ill. 2d at 433; *Dillman & Associates, Inc. v. Capitol Leasing Co.* (1982), 110 Ill. App. 3d 335, 442 N.E.2d 311.) In explaining that notices of appeal are to be liberally construed, the supreme court of Illinois in the case of *Burtell v. First Charter Service Corp.* (76 Ill. 2d at 433-34), stated:

"Although the cases often speak in terms of jurisdiction, it is generally accepted that a notice of appeal is to be liberally construed. *** Briefs, and not the notice of appeal itself, specify the precise points to be relied upon for reversal. Courts in this State and the Federal courts have repeatedly held that a notice of appeal will confer jurisdiction on an appellate court if the notice, when considered as a whole, fairly and adequately sets out the judgment complained of and the relief sought so that the successful party is advised of the nature of the appeal. (*Sanabria v. United States* (1978), 437 U.S. 54, 67 n.21, 57 L. Ed. 2d 43, 56 n.21, 98 S. Ct. 2170, 2180 n.21 (interpreting comparable Federal rules); *People ex rel. Pickerill v. New York Central R.R. Co.* (1945), 391 Ill. 377, 380; *City of Rockford v. Robert Hallen, Inc.* (1977), 51 Ill. App. 3d 22; *Department of Transportation v. Galley* (1973), 12 Ill. App. 3d 1072.) Unless the appellee is prejudiced thereby, the absence of strict technical compliance with the form of the notice is one of form only, and not of substance, the appellate court is not deprived of jurisdiction. *Echols v. Olsen* (1976), 63 Ill. 2d 270; *National Bank of the Republic v. Kaspar American State Bank* (1938), 369 Ill. 34." 76 Ill. 2d at 433-34.

In sum, where a deficiency in the notice is one of form rather than of substance, it does not deprive the appellate court of jurisdiction to review an unspecified order which was "a 'step in the procedural progression leading' to the judgment specified in the notice of appeal." *Burtell v. First Charter Service Corp.*, 76 Ill. 2d at 435, quoting *Elfman Motors, Inc. v. Chrysler Corp.* (3d Cir. 1977), 567 F.2d 1252, 1254.

■ Thus, in keeping with the general position that a notice of appeal should be liberally construed, we hold that defendants' notices of

appeal in the instant case were sufficient to confer jurisdiction on the appellate court to review the court's decree of December 19, 1988. It is apparent in the present case that the trial court's order of December 19, 1988, was a "step in the procedural progression" leading to the judgments specified in the notice of appeal.

Assuming *arguendo* defendants waived the jurisdiction issue by failing to put the necessary order in their notice of appeal, subject matter jurisdiction may be challenged at any time, even on appeal. *Dubin v. Personnel Board* (1989), 128 Ill. 2d 490, 539 N.E.2d 1243; *Board of Education v. Box* (1989), 191 Ill. App. 3d 31, 547 N.E.2d 627.

For the foregoing reasons, the judgment of the trial court is reversed.

Reversed.

STOUDER, P.J., and GORMAN, J., concur.