(No. 86641.—)

KATHY CARVER, Appellant, v. ROBERT NALL, Sheriff of Adams County, *et al.*, Appellees.

*Opinion filed July 1, 1999.*

Richard D. Frazier, of Metnick, Cherry & Frazier, of Springfield, for appellant.

Matthew A. Hutmacher, of Hutmacher, Rapp & Ortbal, P.C., of Quincy, for appellees.

CHIEF JUSTICE FREEMAN delivered the opinion of the court:

Plaintiff, Kathy Carver, appeals the dismissal by the circuit court of Adams County of her complaint for

administrative review against defendants, Adams County Sheriff Robert Nall and the members of the Adams County sheriff's merit commission (hereinafter referred to collectively as Commission). See 735 ILCS 5/3—102 (West 1996). The circuit court dismissed the action because Carver failed to have summons timely issue. See 735 ILCS 5/3—103 (West 1996). The appellate court affirmed. 299 Ill. App. 3d 810. We allowed Carver's petition for leave to appeal (177 Ill. 2d R. 315(a)), and now affirm the appellate court.

## BACKGROUND

This cause is before us following a motion to dismiss pursuant to section 2—619(a) of the Code of Civil Procedure (735 ILCS 5/2—619(a) (West 1996)). The motion admits all well-pled allegations in the complaint and reasonable inferences to be drawn from the facts. *Fireman's Fund Insurance Co. v. SEC Donahue, Inc.*, 176 Ill. 2d 160, 161 (1997). The appellate court detailed the facts of this case. We repeat only those facts that are necessary for our disposition of the issues presented in this appeal.

Carver was an Adams County deputy sheriff. Following a hearing, the Commission suspended her for 10 days without pay. On October 22, 1997, the Commission mailed its decision to Carver. The decision did not notify Carver of her right under the Administrative Review Law (Act) (735 ILCS 5/3—101 *et seq.* (West 1996)) to judicial review of the Commission's decision and of the 35-day time limit for exercising that right.

On November 25, 1997, Carver's attorney sent eight copies of the complaint to the clerk of the Adams County circuit court. In a cover letter, the attorney directed the circuit court clerk to return seven file-stamped copies to the attorney's office. The letter also stated: "It is **imperative** that this Complaint is filed no later than **November 26, 1997**" (emphasis in original), which was 35 days after the Commission mailed its decision to Carver. The

letter did not request the circuit court clerk to issue summons; Carver's attorney assumed that the clerk would prepare summonses to serve with the complaint.

On December 3, 1997, Carver's attorney learned that the circuit court clerk did not issue the summonses. Carver's attorney returned the seven file-stamped copies of the complaint to the circuit court clerk with prepared summonses. In a cover letter, he directed the clerk to forward the complaints and the summonses to the appropriate offices for service.

On the Commission's motion, the circuit court dismissed the complaint because Carver failed to have summons issue within 35 days of her being notified of the Commission's decision. The appellate court upheld the dismissal. 299 Ill. App. 3d 810. The appellate court rejected Carver's arguments that: (1) she made a good-faith effort to have summons issue within the 35-day filing period; and (2) the Commission was required to notify her that she had a statutory right to administrative review, which she must exercise within 35 days of the Commission's decision. Carver appeals.

## DISCUSSION

Section 2—619(a) of the Code of Civil Procedure permits dismissal where, *inter alia*, "the action was not commenced within the time limited by law" (735 ILCS 5/2—619(a)(5) (West 1996)) and where "the claim asserted *** is barred by other affirmative matter avoiding the legal effect of or defeating the claim" (735 ILCS 5/2—619(a)(9) (West 1996)). When ruling on a motion to dismiss, the trial court must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party. The court should grant the motion only if the plaintiff can prove no set of facts that would support a cause of action. On appeal, review is *de novo*. *In re Chicago Flood Litigation*, 176 Ill. 2d 179, 189 (1997).

This appeal involves the timeliness requirements of

the Act. Section 3—102 mandates that "[u]nless review is sought of an administrative decision *within the time and in the manner herein provided,* the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." (Emphasis added.) 735 ILCS 5/3—102 (West 1996). Section 3—103 of the Act provides:

"Every action to review a final administrative decision shall be commenced by the filing of a complaint *and the issuance of summons within 35 days* from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision \*\*\*." (Emphasis added.) 735 ILCS 5/3—103 (West 1996).

In an administrative review action, the circuit court clerk "shall issue summons upon request of the plaintiff." See 735 ILCS 5/2—201 (West 1996); see also 166 Ill. 2d R. 101. The clerk serves summons via certified or registered mail. The clerk knows the defendant's address because "[t]he plaintiff shall, by affidavit filed with the complaint, designate the last known address of each defendant upon whom service shall be made." 735 ILCS 5/3—105 (West 1996). This court has recognized that the Act is a departure from common law. Therefore, a party seeking judicial review of an administrative decision must strictly adhere to the Act's procedures. *Lockett v. Chicago Police Board,* 133 Ill. 2d 349, 353 (1990).

In this case, Carver failed to have summons issue within the 35-day filing period. Thus, the appellate court correctly reasoned that an applicable exception to this timeliness requirement must exist for her to prevail. 299 Ill. App. 3d at 813. Before this court, Carver relies on two exceptions to this timeliness requirement. First, Carver contends that her delay in having summons issue within the 35-day filing period should be excused due to her good-faith effort to do so. Second, Carver contends that the filing period was tolled because the Commission's notice to her was statutorily and constitutionally inadequate.

## I. Good-Faith Effort

The good-faith-effort exception to the requirement that summons timely issue is established, but narrow. This court has emphasized that section 3—103 of the Act requires that an action for administrative review "be commenced 'by the filing of a complaint *and* the issuance of summons *within 35 days*' of receipt of the decision being appealed. (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110, par. 3—103.)" *Lockett*, 133 Ill. 2d at 354. This court has distinguished the requirement of a timely filed complaint, which is jurisdictional, from the requirement of summons timely issued:

> "The 35-day period for the issuance of summons, on the other hand, is mandatory, not jurisdictional, and failure to comply with that requirement will not deprive the court of jurisdiction. (*City National Bank & Trust Co. v. Property Tax Appeal Board* (1983), 97 Ill. 2d 378, 382; *Cox v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 399, 403-04.) However, as the 35-day period is intended to 'hasten the procedure' of administrative review and avoid undue delay, a litigant must show a good-faith effort to file the complaint and secure issuance of summons within the 35 days in order to avoid dismissal. (*City National Bank & Trust Co.*, 97 Ill. 2d at 382; *Cox*, 96 Ill. 2d at 404.) In cases where the 35-day requirement has been relaxed, the plaintiffs had made a good-faith effort to issue summons within the statutory period. Nevertheless, due to some circumstance beyond their control, summons was not issued within the statutory period. See *City National Bank & Trust Co.*, 97 Ill. 2d at 382; *Cox*, 96 Ill. 2d at 404 (cases in which the plaintiffs had filed their complaints for administrative review and summons with the clerk of the circuit court within the 35-day period but, due to problems at the clerk's office which were beyond the plaintiff's control, the summonses were not issued until after the 35-day period)." *Lockett*, 133 Ill. 2d at 355.

Carver argues, as she did in the appellate court, that her attorney's assumption that the circuit court clerk would issue summons constitutes a "good-faith effort" to

comply with the Act. We agree with the appellate court that such an assumption, by itself, does not constitute a "good-faith effort." 299 Ill. App. 3d at 814.

This case does not resemble those cases where plaintiffs made efforts to secure issuance of summons, but, *"due to some circumstance beyond their control,* summons was not issued within the statutory period." (Emphasis added.) *Lockett,* 133 Ill. 2d at 355 (and cases cited therein). Rather, this case more closely resembles those cases where plaintiffs did not diligently seek issuance of summons in accordance with the Act. See, *e.g., Johnson v. Department of Public Aid,* 251 Ill. App. 3d 604 (1993); *Moretti v. Department of Labor,* 119 Ill. App. 3d 740 (1983).

This case is distinguishable from *Azim v. Department of Central Management Services,* 164 Ill. App. 3d 298 (1987), upon which Carver relies. In that case, plaintiff's attorney told an employee in the circuit court clerk's office via telephone that the complaint needed to be "file-stamped and served" that day. However, the employee did not indicate that the plaintiff needed to prepare the summonses before they would be issued. The appellate court reversed the dismissal of the action, concluding:

"[T]he record before us supports a finding that the plaintiffs, in good faith, exercised due diligence in seeking issuance of summons in accordance with the mandatory provisions of the statute. The delay in the issuance of summonses was caused solely by errors committed by personnel in the clerk's office. *** [W]e find that the errors of ministerial officers whom the plaintiffs cannot control should not serve to deprive them of their right to appeal." *Azim,* 164 Ill. App. 3d at 303.

In this case, however, Carver did nothing but assume that the clerk's office would issue summons. She did not ask the clerk to issue summons, or even provide the clerk with the addresses of Commission members. Regarding the issuance of summons, she made no efforts whatsoever, much less those that could be considered diligent or

made in good faith. We conclude that the "good-faith effort" exception to this timeliness requirement does not apply to this case.

## II. Adequacy of Notice

Carver asserts another exception to the timeliness requirements of section 3—103 of the Act. Carver contends that the 35-day filing period was tolled because the Commission's notice to her was statutorily and constitutionally inadequate.

### A. *Statutory Adequacy*

Carver contends that the Commission provided her with statutorily inadequate notice of its decision. She points to section 10—50(b) of the Illinois Administrative Procedure Act (Procedure Act), which mandates: "All agency orders shall specify whether they are final and subject to the Administrative Review Law." 5 ILCS 100/10—50(b) (West 1996). The Commission's decision did not include this information. Thus, according to Carver, the Commission's failure to follow this provision tolls the 35-day filing period.

We cannot accept this argument. The Commission was not required to inform Carver that its decision was reviewable under the Act. The Procedure Act applies to every "agency," as defined therein (5 ILCS 100/1—5 (West 1996)), and defines "agency" as, *inter alia*, "each administrative unit or corporate outgrowth of the State government that is created by or pursuant to statute, *other than units of local government* and their officers, school districts, and boards of election commissioners ***." (Emphasis added.) 5 ILCS 100/1—20 (West 1996). "Counties" are "[u]nits of local government." Ill. Const. 1970, art. VII, § 1; 5 ILCS 70/1.28 (West 1996).

In this case, the Adams County board, and not the state, created the Commission. See 55 ILCS 5/3—8002 (West 1996). Thus, the Commission is an agency of Ad-

ams County—a unit of local government—and not an agency of the state. Accordingly, the requirements of the Procedure Act do not apply to the Commission. See *Bethune v. Larson*, 188 Ill. App. 3d 163, 170 (1989); *County of Macon v. Board of Education of Decatur School District No. 61*, 165 Ill. App. 3d 1, 8 (1987).

We note Carver's argument that the list of exempted entities—units of local government, school districts, and boards of election commissioners—is exclusive. According to Carver, had the legislature intended to exclude county sheriff's merit commissions from the Procedure Act's definition of agency, it would have expressly done so. However, this rule of statutory construction, that the enumeration of one thing in a statute implies the exclusion of all others (see *Baker v. Miller*, 159 Ill. 2d 249, 260 (1994)), does not apply here. The list of exempted entities does not exclude the Commission. As an agency of local government, the Commission falls squarely within the exemption for units of local government. In sum, although the Commission's decision was reviewable under the Act (55 ILCS 5/3—8014 (West 1996)), the Commission was not statutorily required to inform Carver of the same.

## B. *Constitutional Adequacy*

Since we find no statutory requirement that the Commission inform Carver of her right to judicial review of its decision and the time limit to do so, we must now address the constitutional issue presented. Carver argues that the Commission's decision was constitutionally inadequate. She relies on *Johnson v. State Employees Retirement System*, 155 Ill. App. 3d 616 (1987), which held that when an administrative agency renders a decision: (1) procedural due process requires the agency to inform the affected party of the right to administrative review and the 35-day time limit for exercising that right; and (2) an agency's decision that fails to inform a party

of this right is constitutionally inadequate and tolls the 35-day filing period. *Johnson*, 155 Ill. App. 3d at 618-19.

We cannot accept this argument. The text of the Illinois Constitution does not recognize a right to appeal from administrative proceedings. Ill. Const. 1970, art. VI, §§ 6, 9; see *Glasco Electric Co. v. Department of Revenue*, 87 Ill. App. 3d 1070, 1071-72 (1980), *aff'd*, 86 Ill. 2d 346 (1981); *Board of Education of Addison School District No. 4 v. Gates*, 22 Ill. App. 3d 16, 20 (1974). Further, the right to appeal from an administrative decision is not essential to due process of law. Rather, the right "may or may not be granted in a given situation as the legislature deems appropriate *** without sacrificing uniformity as to proceedings and practice, and without enacting special legislation." *Board of Education of Gardener School District No. 112 v. County Board of School Trustees*, 28 Ill. 2d 15, 18 (1963); accord *Reetz v. Michigan*, 188 U.S. 505, 508, 47 L. Ed. 563, 566, 23 S. Ct. 390, 392 (1903); see *Johnson*, 155 Ill. App. 3d at 620 (Jiganti, J., dissenting). Accordingly, *Johnson v. State Employees Retirement System*, 155 Ill. App. 3d 616 (1987), is hereby overruled.

We conclude that the Commission provided adequate notice to Carver. Thus, the Act's 35-day filing period was not tolled.

## CONCLUSION

For the foregoing reasons, the judgment of the appellate court is affirmed.

*Affirmed.*